UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVA DEL VALLE-ROMAN,

      Plaintiff,

v.                                  Case No:  6:18-cv-1158-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

## <u>ORDER</u>[1]

    This case comes before the Court on Defendant's Motion for Partial Judgment on the Pleadings (Doc. 21). Plaintiff has failed to respond to the motion and the time within to do so has expired. "When a party fails to respond, that is an indciation that the motion is unopposed." <u>Foster v. Coca-Cola Co.</u>, No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (citing <u>Jones v. Bank of America, N.A.</u>, 564 F. App'x 432, 434 (11th Cir. 2014)); <u>Strykul v. PRG Parking Orlando, L.L.C.</u>, Case No. 6:14-cv-211-Orl-31GJK, 2015 WL 789199, at *2 (M.D. Fla. Feb. 24, 2015). Based upon Plaintiff's failure to respond to Defendant's motion, the Court proceeds on the basis that Plaintiff does not oppose the relief requested by Defendant.

    On August 30, 2013, Plaintiff applied for supplemental security income and disability insurance benefits, alleging a disability onset date of October 10, 2012 (Doc.11, ¶ 4). At the administrative level, Plaintiff's claims were denied initially and on reconsideration (<u>Id.</u>). At Plaintiff's request, an administrative law judge ("ALJ") held a

---

[1] On February 11, 2019, both parties consented to the exercise of jurisdiction by a magistrate judge (Doc. 19). The case was referred to me by an Order of Reference the next day (Doc. 23).

hearing on June 2, 2016 (Id.). The ALJ issued an unfavorable decision on August 22, 2016 (Id., ¶ 5). The Defendant's appeals council reviewed the decision and on March 16, 2018 "issued a partially favorable decision finding Plaintiff disabled as of August 22, 2016, but not before" (Id.). The ALJ's decision became the Commissioner's final decision on her claim as it relates to the period prior to August 22, 2016.

On July 18, 2018, Plaintiff appealed Defendant's decision to this Court (Doc. 1). Plaintiff argued, *inter alia*, that the ALJ failed to develop a complete medical record and failed to apply the correct standard to the consideration of Plaintiff's impairments (Id., ¶ 12). Plaintiff amended her complaint on to include a claim that "[t]he decision of the Secretary denying disability benefits to Plaintiff was made [by] ALJ and Appeals Council judges who were invalidly appointed and Plaintiff is entitled to relief of a new hearing pursuant to Lucia v. SEC., 585 U.S. _____ (2018)." (Doc. 11, ¶12.j). In Lucia, the Supreme Court held that ALJ's are "Officers of the United States" within the meaning of the Appointments Clause. And, when an ALJ is not properly appointed, the remedy is to hold a new hearing before a constitutionally appointed ALJ. Lucia v. S.E.C., 138 S.Ct. 2044, 201 L.Ed.2d 464 (2018). Defendant answered and affirmatively alleged that that Plaintiff had forfeited her Appointments Clause claim because she failed to make a timely challenge to the constitutional validity of the appointment of the ALJ in her case (Doc. 18 at 2).

A party may move for judgment on the pleadings after the pleadings are closed. FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings may be granted 'when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts.'" Nationwide Mut. Fire. Ins. Co. v. Donnelly, 8:08-cv-1228-T-33EAJ, 2009 WL 3584329, at *2 (M.D. Fla. Oct. 28,

2009) (quoting Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998)). "When reviewing a judgment on the pleadings, [the Court] accept[s] the facts in the complaint as true and view[s] them in the light most favorable to the nonmoving party." Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996). Pleadings include complaint, answers, and affirmative defenses. FED. R. CIV. P. 7(a). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED. R. CIV. P. 10(c). Defendant filed a copy of the transcript of the administrative record, which she incorporates by reference into her answer and refers to as "part of the answer" (Doc. 18, ¶ 9). Plaintiff has not objected or moved to strike. Accordingly, the Court treats the administrative record as part of Defendant's answer (Doc. 20).[2] The transcript shows that Plaintiff never challenged the constitutionality of the ALJ's (or Appeals Council's) appointment prior to filing her amended complaint in this Court. It also shows that Plaintiff's representative did not make the Appointment Clause argument at the May 24, 2016 administrative hearing (Docs. 20 to 20-22; Tr. 355-358).

Plaintiff's failure to raise this issue at the administrative level is fatal to her claim. In Lucia, the Supreme Court said "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." Id. at 2055 (internal quotations omitted) (citing Ryder v. United States, 505 U.S. 177, 182-83 (1995)). Although the Eleventh Circuit has yet to apply Lucia to a social security case, the majority of courts within this circuit have interpreted the Supreme Court's holding to mean that, in the context of social security disability proceedings, "an Appointments Clause challenge must be raised "before the ALJ's decision becomes final," at the administrative

---

[2] The incorporation by reference doctrine allows the Court to consider the administrative record attached to the Answer without converting the motion to a motion for partial summary judgment. See Nationwide Mut., 2009 WL 3584329, at *2.

level. <u>Gary v. Comm'r of Soc. Sec.</u>, Case No. 8:17-cv-2710, 2018 U.S. Dist. LEXIS 222662, at *18-19 (M.D. Fla. Nov. 30, 2018) (citing <u>Stearns v. Berryhill</u>, No. C17-2031-KTS, 2018 WL 4380984, at *5 (N.D. Iowa Sept. 14, 2018) and <u>Page v. Comm'r Soc. Sec.</u>, No. 17-13716, 2018 WL 5668850, at *3 (E.D. Mich. Oct. 31, 2018) ("As of this date, the courts that have considered the issue have unanimously rejected attacks on the validity of the ALJ's appointment under Lucia brought under 42 U.S.C. 405(g) where the claimant failed to make a constitutional challenge at the administrative level.")). Any challenge to the constitutional validity of the ALJ's appointment that was not first raised at the administrative level is rejected as untimely. <u>Gary</u>, 2018 U.S. Dist. LEXIS 222662, at *19; <u>Montgomery v. Beryhill</u>, CIVIL ACTION NO. 18-00013-N, 2018 U.S. Dist. LEXIS 210738, at *1-2 (S.D. Ala. Dec. 14, 2018) (citing <u>Abbington v. Berryhill</u>, No, CV 1:17-00552-N, 2018 U.S. Dist. LEXIS 210000, 2018 WL 6571208, at *18 (S.D. Ala. Dec. 13, 2018) ("[T]he undersigned finds that Abbington has forfeited her Appointments Clause challenge to the ALJ who heard her case by failing to raise that challenge before the Social Security Administration, and Abbington has not shown sufficient cause to excuse the forfeiture.")); <u>Wilson v. Berryhill</u>, CIVIL ACTION NO. 1:17-00531-N, 2018 U.S. Dist. LEXIS 210737, at *1-2 (S.D. Ala. Dec. 14, 2018); <u>see also</u> <u>Meadows v. Berryhill</u>, No. 7:18-cv-17-BO, 2019 U.S. Dist. LEXIS 29311, at *7 (E.D.N.C. Feb. 25, 2019); <u>see, e.g.</u>, <u>Thurman v. Comm'r of Soc. Sec.</u>, No. 17-cv-35-LRR, 2018 WL 4300504, at *9 (N.D. Iowa Sept. 10, 2018).

Now, Defendant's Motion for Partial Judgment on the Pleadings (Doc. 21) is **GRANTED**. Plaintiff forfeited her Appointments Clause argument because she failed to raise it at the administrative level. Plaintiff's appeal of Defendant's adverse administrative decision may proceed on the remaining claims.

**DONE** and **ORDERED** in Orlando, Florida on March 20, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record